UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| PATAGONIA, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 1:22-cv-23858 |
| WORN OUT, LLC, | |
| Defendant. | |

## ANSWER

Defendant, WORN OUT, LLC, ("Defendant"), by and through its attorneys, hereby answers the November 23, 2022 complaint (the "Complaint") filed by Plaintiff PATAGONIA, INC. ("Plaintiff") as follows:

1. As to paragraph 1 of Plaintiff's Complaint, this paragraph sets forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies same.

2. Defendant denies the allegations in paragraph 2 of Plaintiff's Complaint.

3. As to paragraph 3 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and accordingly, denies same.

4. Defendant admits the allegations in paragraph 4 of Plaintiff's Complaint.

5. Defendant denies the allegations in paragraph 5 of Plaintiff's Complaint.

6. As to paragraph 6 of Plaintiff's Complaint, Defendant admits that the Court has subject matter jurisdiction. Defendant denies the remainder of the allegations.

7. As to paragraph 7 of Plaintiff's Complaint, Defendant admits that the Court has personal jurisdiction over Defendant. Defendant denies the remainder of the allegations.

8. As to paragraph 8 of Plaintiff's Complaint, Defendant admits that venue is proper. Defendant denies the remainder of the allegations.

9. As to paragraph 9 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and accordingly, denies same.

10. As to paragraph 10 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and accordingly, denies same.

11. As to paragraph 11 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and accordingly, denies same.

12. As to paragraph 12 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and accordingly, denies same.

13. As to paragraph 13 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and accordingly, denies same.

14. Defendant denies the allegations in paragraph 14 of Plaintiff's Complaint.

15. As to paragraph 15 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and accordingly, denies same.

16. As to paragraph 16 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and accordingly, denies same.

17. As to paragraph 17 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and accordingly, denies same.

18. Defendant denies the allegations in paragraph 18 of Plaintiff's Complaint.

19. As to paragraph 19 of Plaintiff's Complaint, Defendant admits that it filed Application Serial Nos. 90/548,014 and 90/590,855 on an intent to use basis.

20. Defendant denies the allegations in paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations in paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations in paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations in paragraph 23 of Plaintiff's Complaint.

24. As to paragraph 24 of Plaintiff's Complaint, Defendant admits that it sold a *de minimis* amount of goods wrapped in an internal plastic shipping bag displaying WO WORN OUT (and design). Defendant further admits there are grounds to oppose Plaintiff's recently filed trademark applications, however such opposition would not be necessary to facilitate registration of Defendant's pending trademark and service mark applications, which were already approved and published by the USPTO on April 19, 2022. Defendant denies the remainder of the allegations.

25. Defendant denies the allegations in paragraph 25 and sub-paragraphs a-f of Plaintiff's Complaint.

26. Defendant denies the allegations in paragraph 26 of Plaintiff's Complaint.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement – 15 U.S.C. §§ 1114-1117)

27. With respect to paragraph 27 of Plaintiff's Complaint, Defendant repeats each and every one of its prior responses as if set forth fully herein.

28. Defendant denies the allegations in paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations in paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations in paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations in paragraph 31 of Plaintiff's Complaint.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition and False Designation of Origin – 15 U.S.C. § 1125(a))

32. With respect to paragraph 32 of Plaintiff's Complaint, Defendant repeats each and every one of its prior responses as if set forth fully herein.

33. Defendant denies the allegations in paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations in paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations in paragraph 35 of Plaintiff's Complaint.

## THIRD CLAIM FOR RELIEF
### (Violation of FDUTPA)

36. With respect to paragraph 36 of Plaintiff's Complaint, Defendant repeats each and every one of its prior responses as if set forth fully herein.

37. Defendant denies the allegations in paragraph 37 of Plaintiff's Complaint.

38. As to paragraph 38 of Plaintiff's Complaint, Defendant denies that it uses any marks which infringe on any alleged rights held by Plaintiff.

39. Defendant denies the allegations in paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations in paragraph 40 of Plaintiff's Complaint.

## FOURTH CLAIM FOR RELIEF
### (Common Law Infringement and Unfair Competition)

41. With respect to paragraph 41 of Plaintiff's Complaint, Defendant repeats each and every one of its prior responses as if set forth fully herein.

42. Defendant denies the allegations in paragraph 42 of Plaintiff's Complaint.

43. Defendant denies the allegations in paragraph 43 of Plaintiff's Complaint.

44. Defendant denies the allegations in paragraph 44 of Plaintiff's Complaint.

45. Defendant denies the allegations in paragraph 45 of Plaintiff's Complaint.

46. Defendant denies the allegations in paragraph 46 of Plaintiff's Complaint.

47. Defendant denies the allegations in paragraph 47 of Plaintiff's Complaint.

48. Defendant denies the allegations in paragraph 48 of Plaintiff's Complaint.

49. Defendant denies the allegations in paragraph 49 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any recovery or relief in connection with the allegations set forth in the Complaint, including, but not limited to, the requested relief set forth in the Prayer for Judgment in the Complaint.

## AFFIRMATIVE DEFENSES

50. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

51. Some or all of the relief sought by Plaintiff is barred because Plaintiff has failed to establish irreparable injury.

52. Plaintiff has failed to mitigate its purported damages, to the extent it suffered any.

53. Defendant's actions were innocent and non-willful.

54. To the extent any such rights exist, Plaintiff's marks are weak in that there is a

crowded market of third party use.

      55.      Plaintiff is engaging in trademark misuse in that it is attempting to monopolize the market beyond the boundaries of any purported trademark rights it may have.

      56.      Plaintiff's claims are barred by the doctrines of estoppel and unclean hands.

## COUNTERCLAIM

Defendant / Counterclaimant WORN OUT, LLC. ("Defendant"), by and through its attorneys, for its Counterclaims against Plaintiff / Counter-Defendant PATAGONIA, INC. ("Patagonia"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action to cancel Registration No. 4,955,520 for WORN WEAR and Registration No. 4,623,527 for WORN WEAR (and design) pursuant to 15 U.S.C. § 1064 *et seq*. and 15 U.S.C. § 1119.

## THE PARTIES

2. Defendant Worn Out, LLC is a limited liability company existing under the laws of Florida, located at 19693 N.E. 23rd Court, Miami, FL 33180.

3. On information and belief, Patagonia is a California corporation headquartered at 259 West Santa Clara Street, Ventura, California 93001.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 15 U.S.C. § 1119.

5. This Court has personal jurisdiction over Patagonia since Patagonia regularly transacts business and maintains its headquarters in this district.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c).

## FACTS

**A.  Defendant's History and Procedural Background**

7. Born from the dreams of two childhood friends with a passion for clothing design, Defendant intends to offer affordable luxury street wear with a unique, stylish spin.

8. Defendant is still in its infancy, and has a very limited number of total sales.

9. Defendant owns Application Serial No. 90/590,855 for WO WORN OUT (and design) and Application Serial No. 90/548,014 for WORN OUT (collectively, the "WORN OUT Applications"), both filed based on a bona fide intent to use in commerce and not actual use.

10. Patagonia is a large clothing designer and retailer, with estimated revenue of approximately $1.5 billion in 2022 alone.

11. On May 24, 2022, Patagonia sent a cease and desist letter to Defendant demanding that Defendant cease all use of its WORN OUT marks and abandon its WORN OUT Applications.

12. On or about August 17, 2022, Patagonia filed Opposition No. 91278038 in front of the Trademark Trial and Appeal Board (the "TTAB") opposing registration of Defendant's WORN OUT Applications on the basis of priority and likelihood of confusion with Patagonia's WORN WEAR marks.

13. As a basis for its Notice of Opposition, Patagonia pleaded, *inter alia*, rights in the below listed faulty registrations (the "Worn Wear Registrations"):

| Mark | Reg. No. | Alleged First | Int. Class(es) | Services |
|---|---|---|---|---|
| (WORN WEAR design logo) | 4,623,527 | 10/7/2012 | 35 | *Retail store services featuring vintage and used clothing, footwear, luggage, and outdoor gear and accessories* |
| WORN WEAR | 4,955,520 | 10/7/2012 | 35 | *Retail store services featuring vintage and used clothing, footwear, luggage, and outdoor gear and accessories* |

14. On September 19, 2022, Defendant filed Cancellation No. 92080583 in front

8

of the TTAB, petitioning to cancel the Worn Wear registrations.

15. Despite having initiated action in front of the TTAB, on or about September 29, 2022, Patagonia filed an infringement complaint against Defendant in the Central District of California.

16. Defendant was not subject to personal jurisdiction in California.

17. Prior to its deadline to respond to the complaint, Defendant informed Patagonia that the Court lacked personal jurisdiction over Defendant.

18. Nonetheless, Patagonia did not withdraw its complaint in the Central District of California until Defendant filed a motion to dismiss for, *inter alia*, lack of personal jurisdiction.

19. As a part of its motion to dismiss, Defendant provided a declaration showing that it had minimal sales of goods, and only a single shipment was ever sent to California.

20. On information and belief, the single shipment to California was to Patagonia's own investigator.

21. On November 23, 2022, Patagonia again filed an infringement complaint against Defendant, this time in the Southern District of Florida.

**B.     Registration Nos. 4,623,527 and 4,955,520 Should Be Cancelled**

22. As a basis for its claims, Patagonia relies, *inter alia*, on the Worn Wear Registrations, the same faulty registrations it had asserted in Opposition No. 91278038.

23. Patagonia claims a date of first use for the marks of Registration Nos. 4,623,527 and 4,955,520 (the "Worn Wear Marks") of October 7, 2012.

24. Upon information and belief and internet research, the Worn Wear Marks were not in use with the listed services as of October 7, 2012, the date provided by Patagonia to the United State Trademark Office (the "USPTO").

25. Indeed, Patagonia's specimens, submitted at the time of filing the applications for the Worn Wear Marks, did not contain any actual evidence of the Worn Wear Marks in use commerce in connection with the listed services.

26. Rather, the specimens submitted merely contain images of in-store displays and do not show use of the Worn Wear Marks in connection with any services.

27. Additionally, internet searches on Google.com and the Wayback Machine, a digital archive of the World Wide Web, do not reveal any use of the Worn Wear Marks as of the dates of submission of the statements of use for both applications for the Worn Wear Marks.

28. On September 13, 2013 and September 9, 2015, representatives of Patagonia executed declarations in support of the applications for the Worn Wear Marks, which stated that Patagonia was using the Worn Wear Marks in commerce in the United States when they knew or should have known that the Worn Wear Marks were not being used in connection with all the listed services.

29. Said false statements were made with the intent to induce the USPTO to issue the Worn Wear Registrations, and reasonably relying upon the truth of said false statements, the USPTO did, in fact, issue the Worn Wear Registrations.

30. Further, based upon information and belief, and internet research, Patagonia has abandoned the Worn Wear Marks with respect to *footwear* and *outdoor gear and accessories*, and intends not to resume use (the "Abandoned Services").

31. Indeed, Patagonia's website, https://wornwear.patagonia.com/faq, affirmatively states that "No swimwear, underwear, bras, PBL (Capilene and merino), embroidered items, shoes, wading boots, T-shirts, ski patrol jackets, accessories (hats, scarves,

beanies, gloves, socks), waders, wetsuits, sleeping bags or Factory Seconds will be accepted" as trade-ins.

32. Upon information and belief and internet research, Patagonia has not used the Worn Wear Marks in commerce within the past three years in connection with the Abandoned Services.

33. Accordingly, the Worn Wear Registrations are abandoned with respect to *footwear* and *outdoor gear and accessories.*

34. Despite representing that it does not provide services with respect to *footwear* and *outdoor gear and accessories*, Patagonia nonetheless submitted declarations of continued use of the Worn Wear Marks under Section 8 with respect to both of the Worn Wear Registrations, in which Patagonia attested that all the listed services were in use.

35. Indeed, Patagonia's own specimen, submitted together with the declaration of continued use with respect to Registration No. 4,623,527 on October 24, 2019, includes a picture of Patagonia's policies which specifically states that Patagonia does not provide services with respect to "footwear" and "accessories (hats, scarves, beanies, gloves, socks)", as shown in relevant part below:

> **WHAT DO AND DON'T WE ACCEPT?**
>
> We are currently accepting most Patagonia garments and luggage. Sorry, no next-to-skin garments (bras, underwear, Baggies™, T-shirts, swimwear, baselayers, trail and yoga wear), accessories (hats, scarves, beanies, gloves, socks), footwear, wetsuits, waders, sleeping bags, or any items that are damaged, missing pieces, or with tags cut out. Call your local Patagonia store for details.

36. A higher quality copy of the pictured policies can be found at

https://wornwear.patagonia.com/assets/WW-TRADE-IN-VALUES.pdf.

37. Robert Tadlock, Associate General Counsel for Patagonia, aware that false statements to the USPTO would jeopardize the validity of the Worn Wear Registrations, executed the declarations of continued use for submission to the USPTO alleging that the Worn Wear Marks were in use in connection with all the services of the Worn Wear Registrations when he knew, based on the very specimen of use he filed, that the Worn Wear Marks were not being used in connection with *footwear* and *outdoor gear and accessories*.

38. Said false statements were made with the intent to induce the USPTO to maintain the Worn Wear Registrations, and reasonably relying upon the truth of said false statements, the USPTO did, in fact, maintain the Worn Wear Registrations.

## FIRST CLAIM FOR RELIEF
### (Fraud)

39. Patagonia made material false statements in its applications for the Worn Wear Marks and subsequent declarations of continued use, attesting that the Worn Wear Marks were in use with all of the listed services of the Worn Wear Registrations when they were not.

40. The false statements were material to the initial and continued registrability of the Worn Wear Marks.

41. Patagonia had knowledge of the falsity of its statements. For example, Patagonia's own website and specimen of use states that the Abandoned Services are not accepted by Patagonia.

42. Patagonia submitted its fraudulent declarations to the USPTO with the intent to deceive the USPTO and induce it into registering and maintaining the Worn Wear Registrations.

## SECOND CLAIM FOR RELIEF
### (Abandonment)

43. Patagonia does not use the Worn Wear Marks in connection with the Abandoned Services.

44. Patagonia intends not to resume use of the Worn Wear Marks, as evidenced by its own statements saying that it does not accept the Abandoned Services.

45. Patagonia has not used the Abandoned Services for at least three years, constituting a presumption of abandonment.

## **PRAYER FOR RELIEF**

WHEREFORE, Worn Out LLC respectfully requests the following relief:

A. An order canceling Registration Nos. 4,623,527 and 4,955,520;

B. A judgment and declaration that Patagonia committed fraud on the USPTO;

C. A judgment and declaration that Patagonia has abandoned the Worn Wear Marks with respect to the Abandoned Services;

D. An award of punitive and exemplary damages in an amount to be determined;

E. An award of attorneys' fees and related nontaxable expenses;

F. An award of pre and post-judgment interest;

G. Taxable costs under 28 U.S.C. § 1920; and

H. Other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Worn Out LLC hereby demands a trial by jury on all claims and issues so triable.

Dated: February 1, 2023

Respectfully submitted,

By: /s/ Matthew Ryan/

Matthew Ryan
Fla. Bar No. 368709
HAUG PARTNERS LLP
777 South Flagler Drive
Suite 605A, East Tower
West Palm Beach, FL 33401
Tel: (561) 489-4600
mryan@haugpartners.com

Ben Natter
Michael Barer
HAUG PARTNERS LLP
745 Fifth Avenue, 10th Floor
New York, NY 10151
Tel: (212) 588-0800
bnatter@haugpartners.com
mbarer@haugpartners.com

*Attorneys for Defendant
Worn Out, LLC.*